IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STACEY L. WELLINGTON, | § | |
| | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-cv-0047 |
| | § | |
| QLARANT QUALITY SOLUTIONS, INC. | § | |
| | § | |
| | § | |
| | § | |
|    *Defendant*. | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Stacey L. Wellington files this her Original Complaint against Qlarant Quality Solutions, Inc. ("Qlarant" or "Defendant") and for causes of action respectfully shows the Court as follows:

### I.

### Introduction

1.01   Plaintiff would show the Court that Defendant wrongfully discriminated against her on the basis of her disability under the Americans with Disabilities Act of 1990, 42 U.S.C. '12101, *et seq*, ("the ADA") and under the Texas Commission on Human Rights Act, Tex. Lab. Code Section 21.001 *et. seq.* (the "TCHRA") and in retaliation for her protected activity of complaining about disability discrimination.

### II.

### Parties

2.01   Plaintiff, Stacey Wellington is a citizen and at all times relevant herein

resided in the State of Texas and may be contacted through her attorney of record, Nicholas A. O'Kelly, Kilgore & Kilgore, PLLC, 3109 Carlisle, Suite 200, Dallas, Texas 75204.

2.02   Defendant Qlarant Quality Solutions, Inc. is a foreign for-profit corporation that currently conducts business in the State of Texas.  Defendant may be served through its registered Agent, C T Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### III.

### Jurisdiction and Venue

3.01   Pursuant to 28 U.S.C. § 1331, jurisdiction is appropriate in the United States District Court for the Northern District of Texas, as this action involves a question of the application of federal law, namely the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

3.02   Plaintiff filed the instant action within 90 days of her receipt of the EEOC's issuance of a Notice of Right to Sue dated October 12, 2021.

3.03   The Court also has supplemental jurisdiction over state law claims for disability discrimination under the TCHRA.

3.04   Venue for all causes of action stated herein lies in the Northern District of Texas because the acts alleged in this complaint took place, in whole or in part, within the boundaries of this District pursuant to 28 U.S.C. § 1391.

### IV.

### Background Facts

4.01   Plaintiff began work for the Defendant in February 2021 as a Claims Analyst II UPC SW.

4.02    Plaintiff has Lyme Disease, which is a covered disability under the Americans with Disabilities Act and Chapter 21 of the Texas Labor Code.

4.03    At the time of her hire or shortly thereafter, Plaintiff informed Defendant's Human Resource Department ("HR") and her supervisor, Heidi Kimble, ("Kimble") of her disability and of her need for a reasonable accommodation in the form of periodic doctor's appointments to get treatment for her Lyme disease in the form of injections.  With these injections, Plaintiff could fully perform all of the essential functions of the job.

4.04    Plaintiff provided Defendant with her appointment times for her Lyme Disease treatments.  Defendant put these dates and times on the calendar.

4.05    In March 2021, Plaintiff requested an accommodation from Ms. Erica Young ("Young") in HR for in-person training to make up for the time that she missed while attending her medical appointments.  Specifically, Plaintiff requested that certain training instructions be repeated through in-person training. Plaintiff knew that this accommodation had been provided to other employees and that it was not an undue hardship.

4.06    In March, April, May and June, 2021, Plaintiff complained to HR and her supervisor that she needed additional accommodation for her Lyme disease.  These requests were consistently denied.

4.07    Plaintiff had scheduled medical procedures for her Lyme disease on May 7, 2021 and May 21, 2021.  These procedures required general anesthesia. Even though Plaintiff was still under the effect of the general anesthesia after these procedures, Kimble directed Plaintiff to immediately report to work on both days and refused to give Plaintiff

any time off. Consequently, Plaintiff was forced to work while still under the lingering influence of the anesthesia.

4.08    On April 10, 2021, Plaintiff reached out to Human Resources and spoke with Young to tell her about her Lyme disease and how Kimble had singled her out and directed Plaintiff to report to work after recently being placed under anesthesia for treatment of her Lyme disease. Young told Plaintiff that there would be no accommodation for the treatment of Plaintiff's Lyme disease.

4.09    Plaintiff told Young how she was being singled out and mistreated by Kimble and not receiving the same training as others on her team. Kimble denied Plaintiff's request for such an accommodation and would not let Plaintiff use her PTO to attend these doctor appointments during work hours.

4.10    Young told Plaintiff that her reports regarding Kimble would be investigated immediately and in confidence.

4.11    Following Plaintiff 's reports to HR, Kimble became hostile towards Plaintiff with loud vocal outbursts and engaged in actions that interfered with Plaintiff's working conditions. At one point, Plaintiff was told she was capable of handling files on her own. She was subsequently told that she had to continue to work with other workers and share files.

4.12    Plaintiff questioned this activity, since there was no shortage of files to be assigned and Plaintiff felt that she was being singled out and prevented from handling more work in retaliation for her earlier complaints.

4.13   On June 14, 2021, Plaintiff was terminated without warning and while she was out ill.  Prior to her termination, Plaintiff received no criticisms or warnings about any deficiency in her performance.

4.14   When Plaintiff asked why she was being terminated, Defendant told her that she had not successfully completed her probation and that she was not a good fit.

4.15   Plaintiff had successfully completed her probation approximately a month earlier without any comments or counseling. In fact, Plaintiff had been told that she could be getting her own files to handle following the completion of her probation in May 2021.

V.

Count One

**Disability Discrimination in violation of the ADA and TCHRA**

5.01   Plaintiff incorporates the foregoing paragraphs as though set forth verbatim herein.

5.02   Plaintiff filed a charge of discrimination with the EEOC on or about July 26, 2021, and such charge was jointly filed with the Texas Workforce Commission.  After her filing, Plaintiff waited 180 days and requested a Notice of Right to Sue from the EEOC.  The EEOC issued Plaintiff a Notice of Right to Sue on October 12, 2021.  Plaintiff filed the instant lawsuit within 90 days of her receipt thereof.

5.03   Plaintiff suffers from Lyme disease which is a covered disability under the statutory definition provided in the ADA and TCHRA.  Lyme Disease is chronic condition that impairs one or more major life functions.  Plaintiff has a record of impairment because she had previously been diagnosed with this condition and had been hospitalized for it.  Plaintiff had, or was regarded as having, a disability that substantially limited one or more

major life function.

    5.04    Plaintiff was and is a qualified individual for the job she was terminated from. With reasonable accommodations of a reasonable number of hours to work per week (40 hours versus 60 hours) and the ability to take time off to attend periodic medical appointments, Plaintiff can perform the essential functions of her job.

    5.05    Defendant took an adverse employment action against Plaintiff on account of her disability. Specifically, Defendant fired Plaintiff after she requested a reasonable accommodation to visit her physician to receive treatment for her Lyme disease, and requested additional mentoring during her probationary period that was given to others.

    5.06    Defendant violated the ADA and the TCHRA by discharging Plaintiff and/or discriminating against Plaintiff in connection with compensation, terms, conditions or privileges of employment because of Plaintiff's record of actual or perceived disability.

    5.07    Such discrimination by Defendant against Plaintiff was intentional. Accordingly, Plaintiff is entitled to recover damages from Defendant for back pay, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Further, this discrimination was done with malice or with reckless indifference to Plaintiff's state and federally-protected rights. Plaintiff is therefore also entitled to recover punitive damages.

    5.08    Plaintiff is entitled to an award of attorney's fees, expert fees, and costs under the ADA and state law.

## VI.

## Count 2

### Unlawful Retaliation in Violation of the ADA and TCHRA

6.01    Plaintiff incorporates the foregoing paragraphs as though set forth verbatim herein.

6.02    Plaintiff filed a charge of discrimination with the EEOC on or about July 26, 2021, and such charge was jointly filed with the Texas Workforce Commission. After her filing, Plaintiff waited 180 days and requested Notice of Right to Sue from the EEOC. The EEOC issued Plaintiff a Notice of Right to Sue on October 12, 2021. Plaintiff filed the instant lawsuit within 90 days of her receipt thereof

6.03    Plaintiff suffers from Lyme disease which is a covered disability under the statutory definition provided in the ADA and TCHRA. Lyme Disease is chronic condition that impairs one or more major life functions. Plaintiff has a record of impairment because she had previously been diagnosed with this condition and had been hospitalized for it. Plaintiff had or was regarded as having a disability that substantially limited one or more major life functions.

6.04    Following Plaintiff's disclosure of her disability and requests for a reasonable accommodation, Defendant, through its management, created a hostile work environment for the Plaintiff, which prompted her to report the same to Human Resources.

6.05    In response to Plaintiff's complaints, Defendant summarily terminated Plaintiff for the stated reason that Plaintiff had not successfully completed her probation.

6.06    At the time of Plaintiff's termination, Plaintiff had successfully completed her probationary period month earlier.

6.07 Defendant's stated reason for Plaintiff's termination was a pretext for retaliation in response to Plaintiff's requests for an accommodation and reports of a hostile work environment based upon her disability.

6.08 Plaintiff's requests for a reasonable accommodation and reports to Defendant of a hostile work environment based upon her disability are protected actions under the ADA and TCHRA. Defendant's termination of Plaintiff's employment constitutes unlawful retaliation in violation of the ADA and TCHRA.

6.09 Such retaliation by Defendant against Plaintiff was intentional. Accordingly, Plaintiff is entitled to recover damages from Defendant for back pay, front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Further, this discrimination was done with malice or with reckless indifference to Plaintiff's state and federally-protected rights. Plaintiff is therefore also entitled to recover punitive damages.

6.10 Plaintiff is entitled to an award of attorney's fees, expert fees, and costs under the ADA and state law.

## VII.

## Jury Demand

7.01 Plaintiff requests a jury trial in this cause.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon final trial, Plaintiff have and recover the following relief against Defendant:

(1) Judgment for actual damages in the amount of past and future lost earnings and benefits, damages to past and future earnings capacity, and past and future medical expenses;

(2) Judgment for past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses;

(3) Exemplary damages in an amount to be determined by the trier of fact;

(4) An award of liquidated and/or statutory damages in an amount equal to all lost wages, salary, employment benefits and privileges, and other compensation lost as a result of Defendant's wrongful conduct in the amount proven at trial;

(5) An order by the Court reinstating Plaintiff as an employee of the Defendant in a similar position with similar pay and benefits to that from which she was wrongfully terminated, or, in the alternative, future pay in an amount to be determined by the Court;

(6) Prejudgment and post-judgment interest at the maximum legal rate;

(7) Attorney's fees;

(8) Expert's fees;

(9) All costs of court; and

(10) Such other and further relief to which Plaintiff may be justly entitled.

Dated: January 7, 2022

    Respectfully submitted,

    **KILGORE & KILGORE, PLLC**

By:  /s/ Nicholas A. O'Kelly

NICHOLAS A. O'KELLY
State Bar No. 15241235
3109 Carlisle, Suite 200
Dallas, TX  75204
(214) 379-0827 - Telephone
(214) 379 0848 – Fax
nao@kilgorelaw.com

**ATTORNEYS FOR PLAINTIFF STACEY WELLINGTON**